IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Progressive Northern Insurance Company, | ) | 2:19-cv-03549-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT FOR** |
| Tremur Transport, LLC & Fred Green, | ) | **DECLARATORY RELIEF** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Progressive Northern Insurance Company, by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

## PARTIES AND JURISDICTION

1.  Progressive Northern Insurance Company ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Ohio.

2.  Defendant Tremur Transport, LLC. ("Tremur Transport") is a limited liability company organized under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

3.  Tremur Transport was, at all times relevant to this action, an interstate motor carrier.

4.  Tremur Transport's sole member is Trevin Murray, who is a citizen and resident of Hampton County, South Carolina.

5.  Defendant Fred Green is a citizen and resident of Colleton County, South Carolina.

6. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

7. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Additionally, there being a question arising under the laws of the United States, more specifically a dispute about the interpretation and application of federal financial responsibility regulations, specifically 49 C.F.R. § 387.7 et seq., as hereinafter more fully appears, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to §1391(b)(1), because all defendants are residents of the State of South Carolina.

## FACTUAL BACKGROUND

10. On or about August 27, 2019, in or about Savannah, Georgia, Defendant Green was injured while attempting to load a vehicle onto a 2016 Kaufman Trailer ("the Trailer"). More specifically, Defendant Green was standing on the top of the Trailer and pulled on a winch cable attached to the Trailer, which released, causing Defendant Green to fall backwards onto or off the Trailer (hereinafter "the Accident").

11. Defendant Green sustained personal injuries as a result of the Accident.

12. Upon information and belief, at the time of the Accident, Tremur Transport was operating as a "for hire" motor carrier in interstate commerce.

13. Upon information and belief, at the time of the Accident, Defendant Green was an "employee" of Tremur Transport as defined under the laws of the State of South Carolina and regulations promulgated pursuant to the Motor Carrier Act of 1980, which governs the transport of property by motor carrier in interstate commerce. *See* 49 C.F.R. § 390.5.

14. Upon information and belief, the Accident occurred while Defendant Green was operating within the course and scope of his employment with Tremur Transport.

15. Upon information and belief, the Trailer was owned by Tremur Transport at the time of the Accident.

16. Upon information and belief, Defendant Green drove a 2016 Dodge Ram 3500 (VIN 3C63RPGLXGG149542) ("The Truck") from South Carolina to Savannah, Georgia, where the Accident occurred, pursuant to his employment with Tremur Transport.

17. Upon information and belief, the Truck was owned by Tremur Transport at the time of the Accident.

18. At the time of the Accident, Tremur Transport was insured under a Commercial Auto Policy issued by Progressive to Tremur Transport (Policy No. 03856626-3) (hereinafter "the Progressive Policy") with effective dates of July 18, 2019 to July 18, 2020, and having combined single liability limits of $750,000.00. A true and accurate copy of the Progressive Policy, its endorsements, and its declaration pages is attached to this Complaint as **Exhibit A**.

19. The Truck and the Trailer were specifically listed on the Declarations Page to the Progressive Policy.

20. Defendant Green was listed as an "Excluded Driver" under the Progressive Policy.

21. The terms of the Progressive Policy provide:

**Important information regarding excluded drivers**

If any drivers are shown as excluded drivers, then you agree that there is no coverage under any parts of this policy, for any accidents or loss arising out of the operation of any motor vehicles by the excluded drivers.

22.     The terms of the Progressive Policy provide coverage under Part I—Liability to Others, subject to certain exclusions. The Progressive Policy provides as follows:

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

3.     **Worker's Compensation**

Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under any workers' compensation, unemployment compensation, disability benefits law, or any similar law.

5.     **Employee Indemnification and Employer's Liability Bodily Injury to:**

   a. An Employee of any **insured** arising out of or within the course of:
   (i) That employee's employment by any **insured**;
   (ii) Performing duties related to the conduct of any **insured's** business; or

   \* \* \*

This exclusion applies:
a. Whether the **insured** may be liable as an employer or in any other capacity; and
b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to **bodily injury** to a domestic employee if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**. For the purposes of this policy, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premises.

6.     **Fellow Employee**
       **Bodily injury** to:

      a. a fellow employee of an **insured** while within the course of their employment or while performing duties related to the conduct of **your** business.

23. The Progressive Policy also contains an endorsement entitled Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90"), which provides, in relevant part, as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicle subject to financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course and scope of their employment, or property transported by the insured, designated as cargo.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

24. Plaintiff restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

25. The Progressive Policy affords no coverage for the Accident because Defendant Green was an employee of Tremur Transport at the time of the Accident.

26. The Progressive Policy affords no coverage for the Accident because Defendant Green was listed as an Excluded Driver under the Progressive Policy at the time of the Accident.

27. The MCS-90 is not applicable to any judgment obtained against Tremur Transport in relation to the Accident because Defendant Green was injured while engaged in the course the course and scope of his employment with Tremur Transport.

28. The MCS-90 does not, by its terms, obligate Progressive to Tremur Transport in any future-filed lawsuit arising from the Accident.

29. Progressive is entitled to an Order of this Court holding that:

   a. The Progressive Policy does not afford coverage for any losses sustained in the Accident.

   b. The MCS-90 does not obligate Progressive to pay any judgment obtained against Tremur Transport stemming from or relating to the Accident.

   c. The MCS-90 does not obligate Progressive to defend Tremur Transport in any future-filed lawsuit stemming from or relating to the Accident.

WHEREFORE, Progressive prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

Respectfully submitted this 19th day of December, 2019.

/s/ Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (ID: 5526)
Robert "Rocky" C. Rogers (11655)
Moseley Marcinak Law Group
Post Office Box 26148
Greenville, South Carolina 29616
Telephone:  864-248-6025
Facsimile:  864-248-6035
Rob.moseley@momar.com
Rocky.Rogers@momarlaw.com

Attorneys for Plaintiff