IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Progressive Northern Insurance Company, | ) | C/A No. 2:19-cv-03549-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Tremur Transport, LLC and Fred Green, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This declaratory judgment action is before the court pursuant to Plaintiff Progressive Northern Insurance Company's ("Plaintiff") response to the court's order directing it to submit briefing on why the court should not *sua sponte* dismiss the case and deny the pending motion for default judgment[1] in light of the Article III jurisdictional concerns outlined by the Fourth Circuit Court of Appeals in *Trustgard Insurance Company v. Collins*, 942 F.3d 195 (4th Cir. 2019). [ECF No. 15.] For the reasons set forth below, the court finds Plaintiff's arguments in response unpersuasive, and it will dismiss this action without prejudice.

## BACKGROUND

Plaintiff seeks a declaratory judgment that a commercial auto policy issued to Defendant Tremur Transport, LLC ("Defendant Tremur") does not provide coverage for damages arising out of an accident that occurred on August 27, 2019. Plaintiff alleges that Defendant Fred Green ("Defendant Green") was injured while attempting to load a vehicle onto a trailer. [ECF No. 1, Compl. at ¶¶ 10–11.] Plaintiff believes that at the time of the incident, Defendant Green was an

---

[1] The clerk of court entered default against Defendants Tremur Transport, LLC and Fred Green on March 12, 2020. [ECF No. 11.] Plaintiff filed a motion for default judgment on April 21, 2020, and this court requested the jurisdictional briefing on October 7, 2020. [ECF Nos. 12, 14.] If the court determines it is without jurisdiction to hear this matter, it cannot issue a default judgment.

1

employee of Defendant Tremur and was acting within the scope of his employment in loading the vehicle onto the trailer. *Id.* at ¶¶ 13–14, 16.  Plaintiff also claims the truck Defendant Green drove to the location of the incident as well as the trailer on which the incident occurred were owned by Defendant Tremur. *Id.* at ¶¶ 15, 17.

Plaintiff insured Defendant Tremur under the commercial auto policy that is the subject of this action. *Id.* at ¶ 18.  Relying on an exclusion and an endorsement, Plaintiff claims the policy affords no coverage for the incident. *Id.* at ¶¶ 20–23.  More specifically, Plaintiff alleges:

- The policy "affords no coverage for the Accident because Defendant Green was an employee";
- The policy "affords no coverage for the Accident because Defendant Green was listed as an Excluded Driver";
- The endorsement "is not applicable to any judgment obtained against Tremur Transport in relation to the Accident because Defendant Green was injured while engaged in the course . . . and scope of his employment"; and
- The endorsement does not obligate Plaintiff to defend Defendant Tremur "in any future-filed lawsuit arising from the Accident."

*Id.* at ¶¶ 25–28.  Plaintiff instituted the above-captioned action, seeking declarations that the policy "does not afford coverage for any losses sustained," the endorsement "does not obligate [it] to pay any judgment obtained against  Tremur Transport stemming from or relating to the Accident," and the endorsement "does not obligate [it] to defend Tremur Transport in any future-filed lawsuit stemming from or relating to the Accident." *Id.* at ¶ 29.

No Defendant has filed a response to Plaintiff's complaint or to Plaintiff's pending motion for default judgment.  By order dated October 7, 2020, this court asked Plaintiff to submit briefing on

whether the pending declaratory judgment action is sufficiently concrete and ripe given that there has not been a determination of liability as to the incident, a request for coverage, or a request for a defense by any Defendant. [ECF No. 14.] The court directed Plaintiff's attention to the Article III discussion in *Trustgard*. *Id.* While the Fourth Circuit did not decide *Trustgard* on the basis of lack of Article III jurisdiction, the opinion serves as a reminder to this court to carefully examine pending insurance declaratory judgment actions seeking a finding of "no coverage." With the filing of Plaintiff's response on October 19, 2020, the dismissal issue is ripe for a decision by this court. [ECF No. 15.]

## DISCUSSION

In its response, Plaintiff argues that this case differs from *Trustgard* because it is seeking a declaration regarding the duty to defend in addition to the duty to indemnify and because it has shown a sufficient actual, imminent, and concrete injury to confer Article III jurisdiction on the court. While the court agrees that there is a distinction between the duty to defend and the duty to indemnify, the court finds that it is a distinction without a difference given the record before the court. The court is, accordingly, not convinced that it has Article III jurisdiction. Instead, as to both the duty to defend and the duty to indemnify, the court finds that any judgment on these issues would be advisory.

As suggested in its prior order, the court finds *Trustgard*'s jurisdictional analysis instructive. In *Trustgard*, an insurer sought a declaratory judgment regarding coverage while a personal injury action was being litigated in state court. 942 F.3d at 197–99. The insurer sought a declaration that it need not cover damages arising from an accident in which neither its insured nor the insured's vehicles were involved. *Id.* at 198. The Fourth Circuit, while deciding the issue before it on the

basis of discretionary jurisdiction, expressed concern over whether an insurer has standing and a ripe claim when there has not been a determination of liability. *Id.* at 199–204.

As to the doctrines of ripeness and standing, the *Trustgard* court emphasized their importance: They "ensure that we do not exceed the limits of Article III jurisdictional power, and so guard against [the] rendering of an opinion advising what the law would be upon a hypothetical set of facts." *Id.* at 200 (citations omitted). Here, at least one of Plaintiff's alleged injuries is the same as that of the insurer in *Trustgard*—"that it might have to guarantee a future judgment." *Id.* This type of injury "is of a hypothetical and contingent nature: the injury may or may not occur" depending on whether Defendant Green files suit, obtains a judgment, or pursues coverage. *Id.* If Defendant Green never pursues the issue, a decision by this court regarding Plaintiff's obligation to indemnify would have no effect. As a result, if it issues a ruling in this case, it "risk[s] issuing an advisory opinion." *Id.* This court agrees with the Fourth Circuit that while it may be "valuable" for "parties to know an insurer's obligations before liability is resolved, practical value cannot overcome this fundamental limitation on our jurisdiction." *Id.* at 201.

However, as correctly noted by Plaintiff here, the jurisdictional analysis in *Trustgard* was specific to the duty to indemnify. In fact, the *Trustgard* court distinguished duty-to-defend cases, noting that "suits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains undetermined." *Id.* at 200. But, in *Trustgard*, the duty to defend was not at issue because the underlying state court lawsuit had already been filed. Here, Plaintiff's complaint acknowledges that there is not a pending lawsuit. The only reference therein to a lawsuit or the duty to defend is one yet-to-be-filed. Compl. at ¶ 29(c). Additionally, every reference to the duty to defend in the motion for default judgment similarly relates to a yet-to-be-filed suit. [*See* ECF No. 12 at ¶ 11(b) ("The Progressive Policy does not require Progressive

to defend . . . in relation to any . . . future-filed lawsuit stemming from or relating to the Accident."); ¶ 11(d) ("The MCS-90 does not obligate Progressive to defend Tremur Transport in any future-filed lawsuit stemming from or relating to the Accident."); ¶ WHEREFORE (b), (d), (e) (same).] And finally, Plaintiff's response further concedes that there is no pending underlying complaint. [ECF No. 15 at p.6.]  As a result, just as the duty to indemnify is not ripe, the duty to defend is not ripe. *See, e.g., Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 575 n.3 (D.S.C. 2006) ("If the broader issue of duty to defend is not ripe due to the absence of an underlying complaint, then the duty to indemnify, which depends on resolution of the facts alleged in the underlying complaint, is likewise not ripe for review.").

In sum, Plaintiff's complaint and its motion for default judgment make it clear to the court that it is seeking adjudication of issues that are not sufficiently concrete.  There is not so much as a threat of litigation.  Thus, the court is unable to conclude that there is any dispute between the parties that is anything other than speculative.  Plaintiff lacks standing and its claims are unripe. The court, therefore, lacks subject matter jurisdiction to hear this case.

## CONCLUSION

For all the foregoing reasons, the court concludes that Plaintiff lacks standing to pursue this declaratory judgment action and its claims are unripe. The above-captioned matter is **DISMISSED** *without prejudice* and all pending motions are **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

October 23, 2020
Florence, South Carolina